**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER REVOKING DEFENDANT'S** |
| | ) | **PRE-SENTENCE RELEASE** |
| vs. | ) | |
| | ) | |
| Lana Pederson, | ) | Case No.: 1:06-cr-026 |
| | ) | |
| Defendant. | ) | |

On August 21, 2006, the court conducted a hearing on the Petition for Revocation of Pre-Sentence Release. Attorney Paul Emerson appeared on the government's behalf. Attorney Mandy Maxon appeared on the defendant's behalf. The defendant was released subject to several conditions pending sentencing. One such condition was that she defendant refrain from the use of alcohol and controlled substances. The Petition alleges that the defendant violated this condition in that a urine sample collected from the defendant on July 17, 2006, tested positive for methamphetamine.

United States Probation and Pretrial Services Officers Tim Kramer and Patrick Schmidt testified as to the manner in which the sample was collected, the initial screening indicating the presence of methamphetamine, and confirmation of the positive test result by a contract lab. The court finds their testimony to be credible. Although they may have deviated slightly from their office's written procedures regarding the packaging of the defendant's sample for mailing, the court finds there was substantial compliance with procedure and that the pretrial services office took reasonable steps to ensure that the sample was not corrupted. As an aside, it should be noted that the pretrial services office packaged the sample in the defendant's presence.

The defendant has a history of methamphetamine use.  She has entered a guilty plea to the underlying offense–conspiracy to possess and distribute marijuana, 500 plus grams of a mixture containing detectable amounts of a methamphetamine, and a mixture containing detectable amounts of cocaine–and is awaiting sentencing.  In light of her history of substance abuse and given that the initial screening and subsequent lab results were positive for the presence of methamphetamine, the court finds that the defendant did violate the terms and conditions of her pre-sentence release.

"Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which the maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act . . . ."  18 U.S.C. § 3142.  In addition, "[i]f there is probable cause to believe that, while on release, the [defendant] committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."  18 U.S.C. § 3148(b).  As the defendant has entered a guilty plea to the underlying offense and has violated a condition of her pre-sentence release, the burden is on her to overcome the presumption of detention and prove by clear and convincing evidence that she does not pose a danger to the community.  The court concludes that she has failed to do so.  Given the positive test results, her history of substance abuse, and the nature of the underlying charge to which she has pleaded guilty, the court concludes that she poses a danger to the community.

Accordingly, the court **ORDERS** that the defendant's pre-sentence release be revoked and that she be detained pending sentencing.   The court **FURTHER ORDERS** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement

2

in a corrections facility.  The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 21st day of August, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge